IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KFC U.S. PROPERTIES, INC.<br>1441 Gardiner Lane,<br>Louisville, Kentucky 40213 | *<br><br>* | |
| Plaintiff | * | |
| v. | * | |
| MONTGOMERY COUNTY DEPT.<br>OF TRANSPORTATION;<br>DIVISION OF TRANSIT SERVICES<br>a/k/a<br>MONTGOMERY COUNTY TRANSIT<br>s/o Director's Office<br>101 Monroe Street, 10th Floor<br>Rockville, Maryland 20850 | *<br><br>*<br><br>*<br><br>*<br><br>* | CASE NO.: |
| And | * | |
| MONTGOMERY COUNTY GOV'T<br>101 Monroe Street, 6th Floor<br>Rockville, Maryland 20850 | *<br>*<br><br>* | |
| And | * | |
| JOHN DOE<br>(Driver of Ride-On Bus) | *  | |
| And | * | |
| WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 5th St., NW<br>Washington, DC 20001 | *<br><br>*<br><br>* | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>COMPLAINT</u>**

Now comes the Plaintiff, KFC US Properties, Inc., by its attorneys Winn Cullen Friddell, Ryan Earl Naugle, and Bodie, Dolina, Hobbs, Friddell & Grenzer, P.C., and sues the Defendants, stating:

## INTRODUCTORY STATEMENT

1. This action concerns damage to the improvements to the premises at 12415 Georgia Avenue, Silver Spring, Montgomery County, Maryland, 20906, ("the Premises") that occurred on May 20, 2011, when a Ride-On Bus, owned and operated by the Defendant, Montgomery County Department of Transportation, ("MCDOT") and driven by Defendant John Doe negligently collided with the storefront of the KFC restaurant operated by the Plaintiff.

## THE PARTIES

2. The Plaintiff, KFC U.S. Properties, Inc. ("KFC") is a Delaware Corporation, with its principal place of business at 1441 Gardiner Lane, Louisville, Kentucky, 40213. At the time of the loss, KFC was the tenant under a commercial lease with Defendant Washington Metropolitan Area Transit Authority, ("WMATA") dated May 1, 2007 and amended August 23, 2010, for the Premises pursuant to which the Plaintiff operated a KFC restaurant.

3. The Defendant, MCDOT is a Department of the Executive Branch of the Montgomery County, Maryland Government under the authority of the Montgomery County Executive and is the employer of Defendant John Doe.

4. The Defendant, Montgomery County Government ("MONT CO GOV'T") is a local government under *Ann. Code of Md. Courts & Jud. Proc. Art*. §5-301, *et seq*., and the Plaintiff has complied with all conditions precedent.

5. The Defendant, John Doe, at all relevant times herein, was an employee of the MCDOT and was operating a Ride-On bus within the scope of his employment in Montgomery County, Maryland.

6. The Defendant, WMATA is a governmental entity located in the District of Columbia that owns property and otherwise conducts business in Montgomery County, Maryland.

7. The amount in controversy is in excess of seventy-five thousand dollars, ($75,000.00).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332(a), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, as a substantial part of the events, acts, or omissions giving rise to the asserted claims took place in this District and substantially concern property located within this District.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff KFC operates the Kentucky Fried Chicken restaurant located at 12415 Georgia Avenue, Silver Spring, MD 20906 (the "Restaurant"). Plaintiff leases the premises ("Premises") in which it operates the Restaurant from Defendant WMATA pursuant to a Lease Agreement dated May 1, 2007 and amended August 23, 2010.

11. At all times relevant hereto, Defendant John Doe was employed by Defendant MCDOT / MONT. CO. GOV'T as a bus driver.

12. On or about May 20, 2011, Defendant John Doe was operating a bus owned by MCDOT / MONT. CO. GOV'T on Georgia Avenue in Silver Spring, Montgomery County, Maryland.

13. At or about the same time and place aforesaid, Defendant Doe carelessly and inattentively otherwise negligently operated the bus in a manner that caused the bus to leave the roadway and collide with the premises at 12415 Georgia Avenue, Silver Spring, Maryland 20906 (the "Accident").  The Accident caused severe structural and aesthetic damages to the Premises in which Plaintiff operated the Restaurant and also damaged Plaintiff's equipment and property located inside the Restaurant.

14. The above described acts of John Doe were committed within the scope of his employment with MCDOT / MONT. CO. GOV'T, in that he committed them while on duty as a bus driver for MCDOT / MONT. CO. GOV'T, while operating a bus owned by MCDOT / MONT. CO. GOV'T in the normal course of business, and in furtherance of MCDOT / MONT. CO. GOV'T's interests.

15. As a result of the Accident, namely the violent collision between the bus owned and operated by MCDOT / MONT. CO. GOV'T and the Premises, the Plaintiff has been prevented from operating the Restaurant in a normal manner and has suffered economic damages.

## COUNT I

### NEGLIGENCE (John Doe)

16. Plaintiff adopts and incorporates the allegations of fact set forth above as if fully restated herein.

17. Defendant John Doe owed a duty to the Plaintiff to operate the bus with reasonable care and in a safe and proper fashion, with due regard for others and in accordance with the rules of the road.

18. Defendant John Doe breached his duty to the Plaintiff and was negligent in failing to keep the vehicle under control, failing to give full time and attention to keeping the vehicle under control, failing to keep a proper lookout, driving recklessly and negligently, failing to observe the presence and proximity of other roadway objects, negligently operating the vehicle while unable and incompetent to control same, operating the vehicle at an unreasonable speed for the conditions existing, failing to operate the bus in accordance with the motor vehicle laws and regulations of Maryland and was otherwise negligent.

19. As the direct and proximate result of the negligence of Defendant John Doe, as previously described, Plaintiff's Restaurant was severely damaged and Plaintiff was forced to cease operation of the Restaurant as of the date of the Accident, and the Plaintiff sustained loss of income and lost profits during the period from the accident until the termination of the Lease for the premises.

20. As a further direct and proximate result of the Defendants' negligence, the Plaintiff has been forced to expend, and will continue to expend, large sums of money to replace equipment and furniture in the Restaurant that was damaged in the Accident.

WHEREFORE, the Plaintiff demands judgment against Defendant John Doe and Defendant MCDOT / MONT. CO. GOV'T in the amount of $200,000.00, plus costs and post-judgment interest at the legal rate, and such other relief as this Court deems just and proper.

## COUNT II

### NEGLIGENCE MCDOT / MONT. CO. GOV'T

21. Plaintiff adopts and incorporates the allegations of fact set forth above as if fully restated herein.

22. Defendant MCDOT / MONT. CO. GOV'T owed a duty to the Plaintiff to operate the bus with reasonable care and in a safe and proper fashion, with due regard for others and in accordance with the rules of the road.

23. Defendant MCDOT / MONT. CO. GOV'T breached his duty to the Plaintiff and was negligent in failing to keep the vehicle under control, failing to give full time and attention to keeping the vehicle under control, failing to keep a proper lookout, driving recklessly and negligently, failing to observe the presence and proximity of other roadway objects, negligently operating the vehicle while unable and incompetent to control same, operating the vehicle at an unreasonable speed for the conditions existing, failing to operate the bus in accordance with the motor vehicle laws and regulations of Maryland and was otherwise negligent.

24. As the direct and proximate result of the negligence of Defendant MCDOT / MONT. CO. GOV'T, as previously described, Plaintiff's Restaurant was severely damaged and Plaintiff was forced to cease operation of the Restaurant as of the date of the Accident, and the Plaintiff sustained loss of income and lost profits during the period from the accident until the termination of the Lease for the premises.

25. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has been forced to expend, and will continue to expend, large sums of money to replace equipment and furniture in the Restaurant that was damaged in the Accident.

WHEREFORE, the Plaintiff demands judgment against Defendant MCDOT / MONT. CO. GOV'T in the amount of $200,000.00, to be established at trial, plus costs and post-judgment interest at the legal rate, and such other relief as this Court deems just and proper.

**COUNT III**

**RESPONDEAT SUPERIOR (MCDOT) / MONT. CO. GOV'T**

26. Plaintiff adopts and incorporates the allegations of fact set forth above as if fully restated herein.

27. As a result of Defendant John Doe's previously described negligent operation of the MCDOT / MONT CO. GOVT Ride-On bus on May 20, 2011, Plaintiff has incurred damages as alleged.

28. The above described negligent acts of John Doe were committed within the scope of his employment with MCDOT / MONT. CO. GOV'T, in that he committed them while on duty as a bus driver for MCDOT / MONT. CO. GOV'T, while operating a bus owned by MCDOT / MONT. CO. GOV'T in the normal course of business, and in furtherance of MCDOT / MONT. CO. GOV'T's interests.

29. As John Doe's employer, MCDOT / MONT. CO. GOV'T is responsible for all of the acts committed by John Doe within the scope of his employment.

WHEREFORE, the Plaintiff demands judgment against Defendant MCDOT / MONT. CO. GOV'T in the amount of $200,000.00, to be established at trial, plus costs and post-judgment interest at the legal rate, and such other relief as this Court deems just and proper.

**COUNT IV**

**BREACH OF CONTRACT**

30. Plaintiff adopts and incorporates the allegations of fact set forth above as if fully restated herein.

31. On or about May 1, 2007, Plaintiff entered into a Commercial Lease Agreement (the "Lease") with Defendant WMATA for the premises located at 12415 Georgia Avenue,

Silver Spring, Maryland 20906.  That lease was amended on August 23, 2010, and was in effect at the time of the loss on May 20, 2011.

32. Both Plaintiff and Defendant WMATA understood and agreed that Plaintiff intended to use the premises for the operation of Plaintiff's Restaurant.

33. Pursuant to the Lease, WMATA agreed to undertake repairs to the premises at 12415 Georgia Avenue, Silver Spring, Maryland 20906, in the event of damage to the premises caused by act(s) or occurrence(s) resulting from events other than the acts or negligence of the Plaintiff.

34. As of the date that the lease terminated, WMATA had failed and/or refused to undertake proper repairs to the Premises as required under the Lease.

35. WMATA's failure and/or refusal to make proper repairs at the Premises constitutes a material breach of the Lease.

36. As a result of the WMATA's breach of the Lease, Plaintiff has been prevented from resuming the regular operation of the Restaurant and has suffered damages, including but not limited to the interruption of its business at the premises, as it was unable to continue operation of the KFC restaurant prior to the completion of any required repairs.

37. Plaintiff KFC has performed its obligations under the Lease by paying in full the amount owed to the Defendant under the terms of the Lease.

38. The Lease in no way provided that repairs to the property were contingent upon the WMATA receiving compensation from MCDOT / MONT. CO. GOV'T or any other person or entity who may have caused the damage.

WHEREFORE, the Plaintiff demands judgment against Defendant WMATA in the amount of $200,000.00, to be established at trial, plus costs and post-judgment interest at the legal rate, attorney's fees, and such other relief as this Court deems just and proper.

                                            Respectfully Submitted,

                                            _____/s/ signed electronically_____
                                            Winn C. Friddell, Esquire
                                            Bodie, Dolina, Hobbs, Friddell &
                                            Grenzer, P.C.
                                            305 Washington Avenue, Suite 300
                                            Towson, MD 21204
                                            (410) 823-1250
                                            *Attorneys for Plaintiff*