**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **KFC U.S. PROPERTIES, INC.,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: PWG-14-1633 |
| **MONTGOMERY COUNTY GOVERNMENT et al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Cross-claim Plaintiff Washington Metropolitan Area Transit Authority ("WMATA") was the owner of certain property damaged when a bus operated by an employee of Montgomery County Government ("Montgomery County") struck a Kentucky Fried Chicken restaurant owned and operated by Plaintiff KFC U.S. Properties, Inc. ("KFC"). Montgomery County has admitted fault to the collision but has filed a motion for summary judgment, Def.'s Mot., ECF No. 53, and accompanying memorandum, Def.'s Mem., ECF No. 53-1, seeking certain limits as a matter of law to the damages sought by WMATA and KFC.[1]

Subsequent to the filing of this motion, KFC and WMATA filed a stipulation of dismissal with respect to the claims that they filed against each other, ECF No. 55, which was approved by this Court, ECF No. 57. Additionally, Montgomery County and KFC filed a stipulation of dismissal with respect to the claims that KFC filed against Montgomery County, ECF No. 63,

---

[1] This motion is ripe for review. WMATA filed its opposition, Opp'n, ECF No. 59, and Montgomery County has filed its reply, Reply, ECF No. 62. A hearing is unnecessary. *See* Loc. R. 105.6.

which I construed as an unopposed Fed. R. Civ. P. 15 motion and granted, ECF No. 66. As a result, I will DENY as moot Montgomery County's motion for summary judgment with respect to Defendant KFC. Because I previously granted WMATA an enlargement of time to serve Cross-claim Defendant Andrew Kamara, I will DENY Montgomery County's motion for summary judgment as it relates to capping damages at $15,000. Because WMATA does not address (let alone dispute) Montgomery County's arguments with respect to damages relating to certain 2013 repairs of the building and costs in making the building compliant with the Americans with Disabilities Act, I will GRANT Montgomery County's motion for summary judgment to bar these damages. However, because there is a genuine dispute as to material facts with respect to the value of the building after KFC terminated its lease and to what extent WMATA was required by Montgomery County to demolish the building, I will DENY Montgomery County's motion for summary judgment to bar damages relating to the demolition of the restaurant building.

I. **BACKGROUND**

The background as it relates to Montgomery County's motion for summary judgment is straightforward. On or about May 20, 2011, a Ride-On bus owned by Montgomery County and driven by an employee of the Montgomery County struck the front of a Kentucky Fried Chicken restaurant. Def.'s Mem. 4. Plaintiff KFC was leasing the building from its owner, WMATA. *Id.* After the collision between the bus and the restaurant, various inspectors charged with enforcement of Montgomery County's building code conducted inspections of the building and

reported violations in permitting and safety codes with respect to the restaurant, including its HVAC system and electrical wiring. *Id.* 3–5.[2]

Based on these events, KFC brought negligence claims against the driver of the bus, Montgomery County, and Montgomery County Department of Transportation ("Montgomery Transportation), a *respondeat superior* claim against Montgomery County and Montgomery Transportation, and a breach of contract claim against WMATA. Compl.[3] WMATA then filed a cross-claims for negligence and negligence (*respondeat superior*) against John Doe a/k/a Andrew Kamara, the driver of the bus, and Montgomery County, *see* ECF Nos. 16–18, which were stricken for lacking a signature, *see* ECF No. 23. WMATA filed corrected cross-claims with the signatures included. *See* ECF Nos. 20 & 21. Montgomery County has conceded fault with respect to the collision. Jt. Stmt. ¶ 2, ECF No. 56.

## II. DISCUSSION

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material

---

[2] Montgomery County presents these facts in a section called "Statement of Undisputed Facts." Def.'s Mem. 3. Unless otherwise stated, WMATA has not disputed these facts.
[3] Montgomery Transportation subsequently filed a motion to dismiss, ECF No. 9, to which KFC consented and which I granted. *See* ECF No. 23.

facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* "In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party." *Downing v. Baltimore City Bd. of School Comm'rs*, No. RDB 12-1047, 2015 WL 1186430, at *1 (D. Md. Mar. 13, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

### A. Statutory Damages Cap

Subsequent to the filing of Montgomery County's motion for summary judgment, I granted WMATA's motion for the issuance of summons and enlargement of time to serve Andrew Kamara, the employee of Montgomery County who drove the Ride-On Montgomery County vehicle into the KFC building. *See* ECF No. 67. As a result, there now is an individual employee of Montgomery County that is a party of the suit, and Montgomery County's arguments that WMATA failed to serve the driver are without merit. Montgomery County is liable under the doctrine of *respondeat superior* for the state tort claims brought by WMATA against Kamara under the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 5-301 *et seq*. *See Pavelka v. Carter*, 996 F.2d 645, 650 (4th Cir. 1993). Accordingly, Montgomery County's liability is not limited to $15,000 under Md. Code Ann., Cts. & Jud. Proc. § 5-524 and Md. Code. Ann., Transp. § 17-103(b)(2), and Montgomery County's motion for summary judgment to cap damages at $15,000 is denied.

### B. Consequential Damages from Negligence Claim

"Negligence is not actionable unless it is a proximate cause of the harm alleged." *Stone v. Chicago Title Ins. Co. of Md.,* 624 A.2d 496, 500 (Md. 1993). Maryland courts apply the foreseeability test in determining proximate cause with respect to whether the harm was "within the general field of danger that [the defendant] should have anticipated." *See id.* Montgomery County seeks summary judgment to bar certain consequential damages sought by WMATA with respect to its negligence claim: (1) damages relating to certain 2013 repairs to the restaurant that WMATA undertook, allegedly at the demand of Montgomery County; (2) damages relating to the demolition of the restaurant building; and (3) damages for bringing the building into compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Def.'s Mem. 21–25.[4]

*1. 2013 Repairs and ADA Compliance*

WMATA seeks damages against Montgomery County relating to certain repairs that it undertook to the restaurant in 2013 for "Outside Aesthetic Work" and "Repair of Electrical Issues and Misc. Work Inside of Former KFC Building." *See* WMATA Resp. Nos. 4 & 13, Def.'s Mot., Ex. 11, ECF No. 53-13. WMATA also seeks damages with respect to bringing the restaurant into compliance with the ADA. *See id.* No. 11. In WMATA's opposition, it has not addressed Montgomery County's argument for why Montgomery County should not be liable for

---

[4] I have read Montgomery County's motion for summary judgment as seeking to limit damages with respect to these categories of consequential damages only. However, it may be that Montgomery County is also seeking a ruling that would limit any damages for loss of use to a 90-day period following the accident and only with respect to KFC, not WMATA, who continued to receive rental payments from KFC during this time. *See* Def.'s Mem. 20–21. WMATA has argued that as a consequence of the damage done to the restaurant building, KFC terminated the lease and that the delay was caused by Montgomery County's initial refusal to pay these costs. Opp'n 8. These are factual disagreements the truth of which is appropriate for the jury to determine at trial.

5

these damages.[5]  WMATA has provided no other evidence to support why Montgomery County should be responsible for these costs.  Summary judgment can be appropriate in cases where the non-moving party has failed to address the moving party's argument with respect to a specific claim.  *See Mentch v. E. Sav. Bank*, FSB, 949 F. Supp. 1236, 1246–47 (D. Md. 1997).  Neither party is pro se.  *See Eckert v. Quality Assocs.*, No. WDQ-14-1815, 2015 WL 5083329, at *2 n.7 (D. Md. Aug. 26, 2015) (dismissal of claims that non-moving party fails to address not appropriate when non-movant is pro se).  Accordingly, Montgomery County's motion for summary judgment with respect to barring damages related to the 2013 repairs for "Outside Aesthetic Work" and "Repair of Electrical Issues and Misc. Work Inside of Former KFC Building" and related to bringing the restaurant into ADA-compliance is granted.

   2.  *Demolition of Building*

WMATA seeks damages against Montgomery County relating to the demolition of the restaurant building.  *See* WMATA Resp. Nos. 4 & 13.  Montgomery County has argued that "[t]here is no evidence to support that any of these [demolition] costs are causally related to the limited, repairable damage proximately caused by the bus collision."  Def.'s Mem. 23.  WMATA however argues that Montgomery County posted a notice that "identified the building as unsafe and required that extensive repairs be completed within 30 days, by June 20, 2011, or the 'building/structure must be demolished.'"  Opp'n 9–10 (citation omitted).  WMATA also states

---

[5]  It is possible that WMATA is referring to the 2013 repair costs where it discusses "work performed at the site at the 'request' of Montgomery County."  *See* Opp'n 9.  WMATA also states that Anabela Talaia, a WMATA "witness," "has information and knowledge of monies paid to make repairs, enhancements to the outside of the building, and cleanup of the property both outside and inside at the demand of Montgomery County."  WMATA Resp. No. 2; *see also* Opp'n 9.  Even if these statements refer to the 2013 repair costs at dispute here (and it is far from clear that they do), WMATA has failed to demonstrate any connection between these costs and the damage caused to the restaurant by the Montgomery County bus, and I still would grant summary judgment in Montgomery County's favor with respect to the 2013 repair costs based on the filings before me.

that Talaia "will testify that because the building was designed as a KFC restaurant and once KFC had abandoned the property by improperly terminating the lease because of the extensive damage to the building, the building was of no value to WMATA." There is a genuine dispute of material fact here with respect to (i) the value of the building to WMATA after the Montgomery County bus collided with the restaurant and KFC terminated its lease and (ii) to what extent Montgomery County required the building be demolished. For these reasons, I will deny summary judgement with respect to Montgomery County seeking to bar damages for the demolition costs related to the restaurant building.

### III.  CONCLUSION

For the reasons explained above, I will GRANT IN PART and DENY IN PART Montgomery County's motion for summary judgment.

### ORDER

Accordingly, it is this 23rd day of March, 2016, hereby ORDERED that Montgomery County's motion for summary judgment, ECF No. 53, is GRANTED IN PART and DENIED IN PART.

So ordered.

/S/
Paul W. Grimm
United States District Judge

dpb